Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHARMING BEATS LLC,                             Case No.: 22-cv-1470

                       Plaintiff,     **ECF CASE**

               v.                                **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

REALOGICS BROKERAGE, LLC,

                       Defendant.
-----------------------------------------------------------------x

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings tits Complaint and Jury Demand against defendants REALOGICS BROKERAGE, LLC d/b/a REALOGICS SOTHEBY'S INTERNATIONAL RFEALTY AFFILIATES for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA").  Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2. Defendant REALOGICS is nondomiciliary headquartered Washington

3. Defendant intentionally infringed plaintiff's exclusive rights to its copyrighted recording and composition *Transcendence* – U.S. Copyright Registration No. SR 713-285 (the "Copyrighted Track") by its acts of copying, publicly performing, distributing, publicly displaying, and synchronizing the Copyrighted Track without a license or authorization.

4. Each act of infringement was, and is, a tort committed outside the state.

5. Defendant elected to continue to infringe after multiple demands to cease-and-desist. Defendant was informed in each demand to cease and desist that its acts of infringement were consequences in tits Judicial District.

6. The Copyrighted Track at issue here was commercially exploited by defendant as part of an advertisement for its defendant's commercial services.

7. Defendant generates substantial revenue from interstate commerce.

8. Defendant regularly does or solicits business, or engages in any other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

9. Jurisdiction is conferred over defendant pursuant to CPLR §§ 302(3)(i) and (ii).

## VENUE

10. At bar, a substantial part of the events or omissions giving rise to the claim occurred in tits Judicial District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

11. There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew would have an effect in tits Judicial District.

12. Defendant frequently contracts with companies in tits Judicial District and aims its marketing at this Judicial District such that it reasonably knows it may be haled into tits forum.

## PARTIES

13. Plaintiff CHARMING BEATS LLC is a limited liability company formed under the laws of Florida with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

14. Upon information and belief, defendant REALOGICS BROKERAGE, LLC d/b/a REALOGICS SOTHEBY'S INTERNATIONAL RFEALTY AFFILIATES is a limited liability company formed under the laws of Washington with a headquarters located at 2715 1st. Ave., Seattle, WA 98121-1101,

## FACTS

15. Plaintiff is the sole owner by assignment of an original musical recording and composition titled *Transcendence* – U.S. Copyright Registration No. SR 713-285. See **Exhibit 1.**

16. Defendant is a real estate broker.

17. Defendant created a promotional advertisement titled "Chuckanut Drive Gated Estate Offered at $1,549,000.00" (the "Infringing Advertisement").

18. Defendant, without license or authority, reproduced, and synchronized the Copyrighted Track to the Infringing Advertisement.

19. Defendant, without license or authority, distributed the Infringing Advertisement to third-parties like YouTube. The Infringing Advertisement was at all times publicly displayed on defendant's YouTube page located at <https://www.youtube.com/watch?v=M3zJ8AnRaO8>.

20. Defendant infringed plaintiff's rights pursuant to 17 U.S.C. § 106.

## DEFENDANT IGNORED NOTICES FROM PLAINTIFF

21. Plaintiff notified defendant of its infringements on October 14, 2021 that there was no license for the Copyrighted Track. See **Exhibit 2**.

22. Defendant elected to ignore the October 13 Notice from plaintiff.

23. On January 1, 2022, plaintiff retained counsel, and a second demand to cease and desist was sent to defendant. See **Exhibit 3**.

24. On January 2, 2022, defendant responded: "I will pass this on to my designated broker. Alex is at my brokerage, but not on my team." See **Exhibit 4**.

25. Defendant continued its infringing conduct.

26. Defendant received "final" notices from plaintiff's counsel on February 22, 2022, February 26, 2022, and on March 16, 2022. See **Exhibit 5**.

27. Defendant refused to respond to plaintiff's counsel.

28. The March 16, 2022 "final" notice made it clear that all defendant had to was contact plaintiff's counsel to avoid litigation; defendant elected to litigate.

29. At no time did the defendant seek a license for its commercial exploitation of the Copyrighted Track. There are no facts that could have possibly supported a good-faith belief that defendant had the authority to exploit the Copyrighted Track

30. Defendant infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, and its knowledge of its acts of infringement and failure to comply with multiple notices satisfies the "reckless disregard" standard entitling plaintiff to seven enhanced statutory damage awards as set forth in Section 504(c)(2) of the Act.

31. Defendant did not include any identifying information in the Infringing Advertisement which would have allowed plaintiff to identify defendant's use of the Copyrighted Track. Specifically, the Infringing Advertisement omits the Copyrighted Track' title, album name, author, label, and copyright owner.

32. Defendant's removal of the copyright management information (CMI"), and failure to include any CMI after each notice are separate violations of 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus reasonable costs and attorneys' fees.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT

33. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

34. It cannot be disputed that plaintiff has valid, registered copyrights, and owns all rights to the Copyrighted Track.

35. Defendant without license or authority from plaintiff, reproduced, distributed, publicly displayed, and synchronized plaintiff's Copyrighted Track to the Infringing Advertisement.

36. Defendant created and displayed the Infringing Advertisement for the sole purpose of commercial gain.

37. Defendant refused to cease and desist after multiple demands from plaintiff directly, and through counsel.

38. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

39. Defendant's use was not transformative.

5

40. Defendant elected to copy, distribute, publicly perform, publicly display, and synchronize plaintiff's Copyrighted Track without a license.

41. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees.  Plaintiff may also elect to recover an enhanced statutory damage award pursuant to 17 U.S.C. § 504(c)(2) for the willful infringement or reckless disregard of plaintiff's rights of up to $150,000, but not less than $30,000, plus costs, interest, and reasonable attorneys' fees.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF DMCA OF 1998, AS AMENDED,
### 17 U.S.C. §§ 1201, et seq.

42. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

43. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with CMI including the title, author, label, and name of the copyright owner.

44. Defendant's Infringing Advertisement is synchronized to a very high-resolution copy of the Copyrighted Track.  The high-resolution version cannot be obtained without copyright management information being included.

45. Defendant removed plaintiff's CMI, and then made duplicate copies, synchronized, publicly displayed, and/or distributed the Copyrighted Track without plaintiff's CMI.

46. Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

47. Defendant continued to publicly display the Infringing Advertisement with no attribution after plaintiff, and plaintiff's counsel separately informed defendant that it was infringing plaintiff's rights to the Copyrighted Track.

48. Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement and each time it continued to display the Copyrighted Track after notice.

49. Defendant did the forgoing with the intent to conceal the infringements.

50. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. seven statutory damage awards to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

8. Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: March 16, 2021  **GARBARINI FITZGERALD P.C.**
New York, New York

By: /s/ Richard M. Garbarini
Richard M. Garbarini (RG 5496)

8